IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEGHAN SONNIER SIMMS, individually and GABRIELA LAVINE as Next Friend of Minor J.S. and on behalf of the Estate of JERMAINE K. SONNIER, *Plaintiffs*, <br><br> v. <br><br> JERRY RIVERA, FNU SCHAD, ANTHONY JACKSON, GARRETT PULATIE, PERRY FENOGLIO, WILLIAM KEEFE, ERIC MALDONADO, JOSEPH BRAVO, TAYLOR PEACOCK, FNU GARZA, CITY OF HOUSTON, TEXAS, JOHN DOE POLICE OFFICER 1, and JOHN DOE FIRE DEPARTMENT OFFICERS 1-5, *Defendants*. | § § § § § § § § § § § § § § § § § § § | Civil Action No.: 4:23-cv-2004 |

## DEFENDANT CITY OF HOUSTON'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant City of Houston ("Houston") files this Motion to Dismiss Plaintiffs' First Amended Complaint [Doc. #8] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and respectfully shows the following in support:

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING**

1. Plaintiffs, Meghan Sonnier Simms, the alleged mother of Jermaine K. Sonnier (the deceased), Gabriela Lavine as next friend of J.S. the minor son of the deceased, and the Estate of the deceased ("Plaintiffs") sued Houston, various Houston Police Department ("HPD") Officers, and various unnamed Houston Fire Department ("HFD") Officers for certain alleged constitutional violations and negligence under Texas wrongful death and survival statutes

1

when Mr. Jermaine K. Sonnier died after an "Encounter with the Defendant Officers" [Doc. #8 at IV; pg. 9]. Plaintiffs have filed four (4) complaints in this case: an original [Doc. #1], a corrected original [Doc. #2], a first amended complaint [Doc. #4], and a second and current "First Amended Complaint" [Doc. #8]. At no time does it appear that Plaintiffs moved the Court for leave to amend.

2. As a result of the alleged incident, Plaintiffs assert six "causes of action" in their complaint. [Doc. #8 at pgs. 16-28]. Specifically, Plaintiffs allege 42 U.S.C. § 1983 against Houston for failure to train and supervise under the Fourth Amendment, and they allege nondescript state law claims of negligence. Other than the general assertions of wrongful death stated as the fifth cause of action against all Defendants [Doc. #8 at ¶¶ 113-120] and a survival action stated as the sixth cause of action against all Defendants [Doc. #8 at ¶¶ 121-127], these are the ONLY claims brought against Houston. Plaintiffs' allegations of Fourteenth Amendment violations for deliberate indifference to medical needs and excessive force under the Fourth Amendment are asserted ONLY against the Defending Officers. [Doc. #8 at pgs. 16-28]. Plaintiffs' complaint states that their claims against Houston are based on "the policies and/or customs or lack thereof of the City of Houston, Texas…" [Doc. #8 at ¶ 5]. Plaintiffs further state that "[a]ll actions that form the basis of this lawsuit were performed pursuant to general orders, policies and procedures, customs, and practices of Defendant, City." [Doc. #9 at ¶ 13]. In direct contradiction, Plaintiffs also allege that Houston "refused to properly train, monitor, supervise or ensure staff and/or agents or utilize a proper protocol for protecting with detainees…" [Doc. #8 at ¶ 81]. Nowhere are any specific facts or allegations provided for their claims against Houston. Moreover, Plaintiffs have not plead any claims against Houston for violations of the Eighth Amendment [Doc. #8 at ¶ 3], Fourteenth Amendment [Doc. #8 at ¶¶ 4 and 57-78], or for violations

of the Fourth Amendment for excessive force [Doc. #8 at ¶¶ 99-104].  Plaintiffs' amended complaint is utterly silent as to those claims against Houston.  Therefore, those claims, if any, against Houston are abandoned.

   3.  Houston moves to dismiss all claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## STATEMENT OF ISSUES

1. Plaintiffs fail to state a claim against Houston for municipal liability under *Monell* based on an unconstitutional official written policy, widespread custom, or practice.
2. Plaintiffs fail to state a claim against Houston for a failure-to-train, supervise, discipline, and retain.
3. Plaintiffs fail to show waiver of Houston's immunity for state law claims under the Texas Tort Claims Act ("TTCA").
4. Punitive damages are unavailable against Houston.
5. The Estate of Jermaine K. Sonnier lacks standing to bring a survival action.
6. There are no viable claims for Plaintiffs' cursory mention of "failure to provide medical care."

## STANDARD OF REVIEW, 12(B)(6)

   4.  Pursuant to Rule 12(b)(6), an action may be dismissed "for failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face."  *Floyd v. City of Kenner*, 351 F. App'x 890, 892-93 (5th Cir. 2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Floyd*, *supra*, 351 F. App'x at 892-93, citing *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009); Twombly, 550 U.S. at 556.

5. In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Second, the Court "considers the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief." *Id.* This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Although required to accept all "well-pleaded facts" as true, the court is not required to accept legal conclusions as true. *Leatherman v. Tarrant County. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Iqbal*, 556 U.S. at 677-78, 680. Similarly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* at 678. That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

6. In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the court considers (1) the well pleaded facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. Fed. R. Evid. 201. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005). The court may also properly consider documents attached to the defendant's motion that are referred to in the

complaint and are central to the plaintiff's claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Covington v. City of Madisonville,* 812 F. App'x 219, 224 (5th Cir. 2020) (citing *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 499 (5th Circ. 2000)). *See O'Donnell v. Century Sur. Co.*, No. 21-2290, 2022 U.S. Dist. LEXIS 79755 at *9 (E.D. La. 2022).

## ARGUMENT AND AUTHORITIES

**I. Plaintiffs fail to allege facts establishing Houston's liability under *Monell* and 42 U.S.C § 1983.**

**A. No Policy, Practice, or Custom subjecting Houston to § 1983**

7. A person may sue a municipality that violates his or her constitutional rights "under color of any statute, ordinance, regulation, custom, or usage." § 1983; *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). To establish municipal liability (a "*Monell* claim") under § 1983, "a plaintiff must show the deprivation of a federally protected right caused by action taken pursuant to an official municipal policy." *Valle v. City of Houston.*, 613 F.3d 536, 541 (5th Cir. 2010) (internal quotations omitted). A plaintiff must identify "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Houston.,* 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

8. More specifically, Plaintiffs must allege a "pattern of similar constitutional violations..." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). In order to survive a 12(b)(6) motion,

Plaintiffs must plead facts to infer that there existed "a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Hicks-Fields*, 860 F.3d at 808–09. Showing a pervasive pattern is a heavy burden. *Sanchez v. Young County, Tex.*, 956 F.3d 785, 793 (5th Cir. 2020). A pattern of similar prior incidents "requires similarity and specificity; prior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question.'" *Fuentes v. Nueces County., Tex.*, 689 F. App'x 775, 778 (5th Cir. 2017) (quoting *Peterson*, 588 F.3d at 851 (alteration in original)). "In addition to similarity and specificity, a pattern must be comprised of 'sufficiently numerous prior incidents' rather than merely isolated instances.'" *Fuentes*, 689 F. App'x at 778 (quoting *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989)); *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009), *cert. denied*, 562 U.S. 827 (2010).

9. Here, Plaintiffs' complaint fails to identify a single policy that they allege is the subject policy that caused the alleged incident. Without the requisite policy, Plaintiffs must demonstrate enough instances that are similar to the subject incident and must demonstrate a large number of those instances to establish the existence of a widespread custom or practice. *Sinegal v. City of El Paso*, 414 F. Supp. 3d 995, 1009 (W.D. Tex. 2019). Plaintiffs' complaint does neither.

**B. No Failure to Train Claims against Houston**

10. When a municipality's alleged failure to train is at issue, "culpability for a deprivation of rights is at its most tenuous." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "The failure to train can amount to a policy if there is deliberate indifference to an obvious need for training where citizens are likely to lose their constitutional rights on account of novices in law enforcement." *Peterson*, 588 F.3d at 849 (citing *Brown v. Bryan Co.*, 219 F.3d 450, 458 (5th Cir. 2000), *cert. denied*, 562 U.S. 827 (2010)). As with any widespread-practice claim, allegations of

multiple incidents of fairly similar unconstitutional conduct are typically necessary to survive dismissal." *Sinegal v. City of El Paso*, 414 F. Supp. 3d 995, 1009 (W.D. Tex. 2019). In the Fifth Circuit, these claims "require that a plaintiff demonstrate at least a pattern of similar violations arising from training that is so clearly inadequate as to be obviously likely to result in a constitutional violation." *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003) (citations omitted). When the theory of municipal liability is based on an alleged failure to train, it must be shown that the failure to provide proper training "caused" the injury complained of. *Brown*, 219 F.3d at 457. Similarly, when the theory of municipal liability is based on an alleged failure to supervise or discipline, it must be shown that "the inadequate-supervision policies directly caused the plaintiff's injuries." *Byrd v. City of Madisonville*, No. H-19-4473, 2020 U.S. Dist. LEXIS 97440, at *8-9 (S.D. Tex. 2020) (quoting *Malone v. City of Fort Worth, Texas*, 297 F. Supp. 3d 645, 656 (N.D. Tex. 2018)).

11. Here, Plaintiffs do not identify any specific training, supervision, or discipline failure attributable to Houston. Plaintiffs' amended complaint makes only cursory references that Houston "refused to properly train, monitor, supervise or ensure staff and/or agents utilize a proper protocol for protecting with detainees…" [Doc. #8 at ¶ 81]. Plaintiffs' conclusory statements are devoid of any supporting facts, lack the identification of the alleged subject policy, and do not demonstrate any pattern of failure to train, supervise, regulate and/or discipline officers. Without more, these claims must be dismissed. A failure-to-train and/or supervise action is a type of *Monell* claim. To establish a failure-to-train claim, a plaintiff must plead facts showing that "(1) the city failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Id.* At 849; *Hutcheson v.*

*Dallas County.*, 994 F.3d 477, 482 (5th Cir. 2021) (quoting *Pena*, 879 F.3d at 623 (cleaned up).

12. To show deliberate indifference, a plaintiff normally must allege a "pattern of similar constitutional violations by untrained employees." *Id.* (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). Without alleging such a pattern, it is still possible to establish deliberate indifference through the "extremely narrow" single-incident exception, which requires the plaintiff to "prove that the highly predictable consequence of a failure to train would result in the specific injury suffered." *Hutcheson*, 994 F.3d at 482-83 (quoting *Valle*, 613 F.3d at 549, *Pena*, 879 F.3d at 624). The "plaintiff must prove that the highly predictable consequence of a failure to train would result in the specific injury suffered." *Valle*, 613 F.3d at 549 (cleaned up). For a violation to be "highly predictable," the municipality "must have failed to train its employees concerning a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face." *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 624-25 (5th Cir. 2018). The single-incident exception "is generally reserved for those cases in which the government actor was provided no training whatsoever." *Hutcheson*, 994 F.3d at 482-83 (quoting *Pena*, 879 F.3d at 624).

13. Moreover, in failure-to-train cases, Plaintiffs must identify specific deficiencies in the City's training procedures. *Quinn v. Guerrero*, 863 F.3d 353, 365 (5th Cir. 2017)). Here, Plaintiffs neither identify a training program or any facts suggesting a program existed or the policymaker knew that constitutional violations would result from a specifically alleged training deficiency. Because the Fifth Circuit requires a factual description of the policy that is more than conclusory, the Court should dismiss Plaintiffs' failure-to-train § 1983 claims against Houston.[1]

---

[1] *See Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir.1997) (citing *Fraire v. Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992)). *See also Saenz v. City of El Paso*, 637 Fed. Appx. 828 (5th Cir. 2016) (pleading standard requires that

14. Plaintiffs pepper conclusory and unsupported statements in their complaint in a failed attempt to allege a failure-to-train, failure-to-retain, failure-to-supervise and etc.... claim. Plaintiffs vaguely mention that "Houston … had policies, practices, customs and usages which refused to properly train, monitor, supervise, or ensure staff and/or agents or utilize a proper protocol for protecting detainees with preexisting medical conditions by ignoring substantial risks and serious harm and failing to prevent harm to detainees." [Doc. #8 at ¶ 81]. These claims are only asserted against Houston as to the "Houston Police Department." [Doc. #8 at ¶ 80]. No such claims pertaining to a failure to train, supervise, etc.… are alleged as to the John Doe Fire Department Offices 1-5. [Doc. #8 at ¶ ¶ 79-98]. This circular, vague, conclusory statement is nothing more than unsupported innuendos, which is insufficient. Moreover, even if Plaintiffs had identified any specific bases for these claims, Plaintiffs have not pleaded facts identifying Houston's failures in this regard or that the failure(s) was causally connected to the subject incident. Finally, Plaintiffs failed to satisfy the requisite deliberate indifference of Houston's policymakers in this case.

15. Even if Plaintiffs were able to allege a constitutional violation, their allegations concern a single incident, which cannot support municipal liability under §1983.[2] An isolated incident cannot be the basis for holding a city liable, and the existence of a constitutionally deficient policy cannot be inferred from a single wrongful act.[3] Municipalities are not liable "on

---

allegations of failures to train must raise the right to relief [against the entity] beyond a speculative level); *Trammell v. Fruge*, 868 F.3d 332 (5th Cir. 2017) (dismissing claim where plaintiff "… fails to identify any specific inadequacies in [the city's] training materials or procedures which give rise to his claim"); *Pierre v. Oginni*, 2018 WL 4220848 (S. D. Tex., 2018).

[2] *See Thompson v. Connick*, 578 F.3d 293, 299 (5th Cir. 2009) (citation omitted); *see also Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 288 (5th Cir. 2002) ("[T]his court has often rejected application of the single incident exception."); *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998) ("[P]roof of a single violent incident ordinarily is insufficient to hold a municipality liable for inadequate training."); *Brown v. Bryan County*, 219 F.3d 450 (5th Cir. 2000) (the sole exception, involved a failure to train a neophyte on the constitutional limits to the use of force).

[3] *O'Quinn v. Manuel*, 773 F. 2d 605, 610 (5th Cir. 1985) (citing *City of Oklahoma v. Tuttle,* 471 U.S. 808 (1985); *see also*

the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Hutcheson*, 994 F.3d at 482 (quoting *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

> **i. No failure-to-train claim as a matter of law because the Officers maintained and exceeded minimum mandatory training under Texas law and Texas Commission on Law Enforcement (TCOLE) standards.**

16. Under Rule 201, the Court should take judicial notice of the Officers' Texas Commission on Law Enforcement (TCOLE) Personal Status Report, attached here to as Exhibit 1, establishing that at all relevant times, the defending Officers maintained the minimum mandatory training requirements under Texas law and Texas Commission on Law Enforcement (TCOLE) standards. "Compliance with state requirements [is] a factor counseling against a failure to train finding." *Zarnow v. City of Wichita Falls*, Tex., 614 F.3d 161, 171 (5th Cir. 2010) (citations omitted).

17. "When officers have received training required by Texas law; the plaintiff must show that the legal minimum of training was inadequate." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381-82 (5th Cir. 2010), citing *Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir.1992). These Officers received training mandated by the state of Texas and TCOLE standards, which have been deemed constitutionally sufficient as a matter of law. Because Plaintiffs have not alleged the state requirements are inadequate or identified any specific deficiency with respect to the defending officers' training, Plaintiffs' claim must be dismissed.[4]

---

*Tuttle*, 105 S. Ct. at 2436 (plurality opinion) ("[W]here the policy relied upon is not itself unconstitutional, considerably more proof than the single incident [of unconstitutional conduct forming the basis of the section 1983 action] will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation.")

[4] *See Benavides*, 955 F.2d 968, 973; *Sanders-Burns*, 594 F.3d at 382 (dismissing failure to train claim because the officer "completed the state-mandated training for police officers" and plaintiff "does not allege that the state requirements are inadequate."); *Bender v. Fenimore*, No. 4:12CV245-KPJ, 2016 U.S. Dist. LEXIS 200917, at *19 (E.D. Tex. 2016) (although

18. In their complaint, Plaintiffs first state that "Houston failed to provide its employees with the proper training …" [Doc. #8 at ¶ 83]. Then in a failed attempt to satisfy the deliberate indifference prong, Plaintiffs state that the "wrongful policies, practices, customs, and/or usages complained of herein demonstrated a deliberate indifference on the part of the city of Houston." (sic) [Doc. #8 at ¶ 86]. The incompatibility and contradictory nature of these two assertions (a failure to train v. wrongful training) further supports a dismissal in this case. Dismissal is warranted under either of these incongruent, non-reconcilable assertions. First, neither is sufficiently pleaded, described, articulated nor identified, and on that basis alone, those claims should be dismissed. Second, Exhibit 1 conclusively controverts Plaintiffs' conclusory statements concerning these officers' training. More specifically, all the named officers satisfied and exceeded the hours and types of state-mandated training. Exhibit 1. Moreover, these officers had training on the very areas and issues raised in Plaintiffs' complaint. For example, Officer Rivera and others were trained, at the time of this incident, on use of force, tactical operations, cultural diversity, patrol procedures, "Less Lethal Electronic Control Devices," "Recog/Handle Abnormal People," use of force non-intermediate, tactical first aid, arrest search and seizure, "Civilian Interaction Training," community policing and various Crisis intervention and mental health issues. Exhibit 1. Simply put, Exhibit 1, demonstrates that the Plaintiffs' unsupported allegations that Houston either failed to train or wrongfully trained is controverted by Exhibit 1.

**C. No Failure to Adequately Supervise or Discipline**

---

Sheriff and Chief testified the county lacked formal policies setting forth standards, lacked formal evaluation system, and maintained no records of complaints of violations by officers, the evidence showed the County complied with minimum requirements under Texas law and TCOLE standards for training, and the plaintiff did not allege the state minimum was inadequate).

19. Other than Plaintiffs' singular and conclusory assertion that in the subject incidence there was an unspecified failure to supervise by "Defendant Garza or another supervisor… [,]" there are no specific facts, specific policies, or even other incidents to establish a widespread custom or practice. [Doc. #8 at ¶¶ 91-94]. Moreover, Plaintiffs offer absolutely no plausible facts to demonstrate a failure to supervise. *Covington v. City of Madisonville*, 812 F. App'x 219, 227-28 (5th Cir. 2020). Plaintiffs fail to allege facts showing an unconstitutional widespread practice of failure to supervise or discipline existed. *Covington v. City of Madisonville*, 812 F. App'x 219, 227-28 (5th Cir. 2020). Houston as a matter of law cannot be held liable for a failure to supervise based on this single incident, which is also insufficiently described.

**II. No Waiver of Houston's Immunity under the TTCA**

20. Under the doctrine of sovereign immunity, "the State and its governmental units are immune from tort liability unless immunity has been waived by the Texas Torts Claim Act" ("TTCA"). *GLF Const. Corp. v. LANISTV,* 414 F.3d 553, 556 n.3 (5th Cir. 2005). The limited waiver of governmental immunity provided by the TTCA is for claims arising from the use of publicly owned vehicles, premises defects and injuries arising from conditions or use of property. *Alcala v. Texas Webb County.,* 620 F. Supp. 2d 795, 801 (S.D. Tex. 2009) (Alvarez, J.) (citing *Harris County. v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004)). The TTCA does not waive immunity for intentional torts and gross negligent claims are not recognized under the Act. *See* Tex. Civ. P. & Rem. Code §§ 101.021, 101.057(2); *see City of Houston v. Johnson,* 353 S.W.3d 499 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). Simply put, there is no waiver of Houston's immunity for state law claims under the facts as pleaded, and dismissal of those claims is mandated.

21. Plaintiffs' complaint does not state any claim within the Tort Claims Act's limited waiver of immunity for alleged injuries caused by government's negligent use of tangible personal property, motor vehicles, or motor driven equipment. TEX. CIV. PRAC. & REM. CODE § 101.021. Moreover, Plaintiffs' claims fall within areas for which governmental immunity is expressly retained; these include: intentional torts,[5] the failure to provide or the method of providing police or fire protection, failure of a governmental unit to perform an act that the unit is not required by law to perform, a governmental unit's decision not to perform an act or failure to make a decision on the performance or nonperformance of an act for which the law gives them discretion, and discretionary acts.[6] To the extent any negligent use of a motor vehicle was alleged by Plaintiffs (and it was not), those allegations establish the emergency exception to the limited waiver of immunity, as well as official immunity, which preclude claims against the City. Plaintiffs do not plead facts that could overcome either the emergency exception or the official immunity defense. *Williams v. City of Baytown*, 467 S.W.3d 566, 579 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

**III. No Punitive damages against Houston**

22. "[A] municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport* v. *Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981); *See Thomas* v. *City of New Orleans,* 687 F.2d 80, 84 n.2 (1982) (affirming punitive damage award against individual defendants, but acknowledging that no award of punitive damages could be awarded against the City of New Orleans itself). Similarly, and as described above, there can be no punitive damages

---

[5] A governmental entity retains immunity if the complained of act was intentional. *Id.* § 101.057. *City of Watauga v. Gordon*, 2014 WL 2535995, 13-0012 (Tex. 2014).

[6] TEX. CIV. PRAC. & REM. CODE §§ 101.055(3), 101.056(1), (2); *Christilles v. Southwest Texas State Univ.*, 639 S.W.2d 38, 42 (Tex. App.—Austin 1982, writ ref'd n.r.e.), overruled on other grounds by *Texas A&M Univ. v. Bishop*, 156 S.W.3d 580 (Tex. 2005).

against Houston under state law claims. Accordingly, Plaintiffs may not seek to recover punitive damages against Houston.

### IV. Plaintiffs lack Capacity and Standing to Sue. No Viable Claim for Plaintiffs' cursory mention of "failure to provide medical care."

23. Plaintiffs allege they are entitled to recover pursuant to the Texas Wrongful Death Act and Texas Survival Statute. [Doc. # 8 at ¶¶ 113-127]. Plaintiffs are incorrect; survival actions must be brought by the personal representative of the estate and that representative must show letters of testamentary showing her appointment as executor, independent executor, administrator, independent administrator, or temporary administrator or other evidence of appointment. See Tex. Est. Code § 306.007; *Moore v. Johnson,* 143 S.W. 339, 342 (Tex. App, -- Dallas 2004, no pet). Here, Plaintiffs have not met any of these requirements. Moreover, Plaintiffs' complaint alleges that "No Administration of the Estate… is pending… [and] J.S., through his next of friend, is the sole heir…." [Doc. #8 at ¶ 122]. Plaintiffs lack standing to bring any survival actions in this case. Therefore, those claims must be dismissed.

24. As discussed above, Plaintiffs' amended complaint asserts NO Fourteenth Amendment violations against Houston; those claims, therefore, are abandoned. Despite the lack of any references to the Fourteenth Amendment, Plaintiffs appear to allege claims for a failure to render medical aid. To the extent that Plaintiffs are trying to manufacture a claim on these cursory allegations, those claims must be dismissed for the reasons stated herein above and below.

25. "The Due Process Clause of the Fourteenth Amendment guarantees that a person detained by police is entitled to medical care." *Carter v. Reach*, 399 F. App'x 941, 942 (5th Cir. 2010) (not designated for publication); *see Nerren v. Livingston Police Dep't*, 86 F.3d 469, 473 (5th Cir. 1996) ("After the initial incidents of a seizure have concluded and an individual is being detained by police officials but has yet to be booked, an arrestee's right to medical attention,

like that of a pretrial detainee, derives from the Fourteenth Amendment."). The Supreme Court has "made it clear that the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." *McClendon v. City of Columbia,* 305 F.3d 314, 326 (5th Cir. 2002) (citing *County of Sacramento v. Lewis,* 523 U.S. 833, 848 (1998). However, an officer's deliberate indifference to a serious injury violates that right. *Carter*, 399 F. App'x at 942. Meeting this standard requires showing that the officer was "aware of a substantial and significant risk . . . but effectively disregarded it." *Jacobs v. West Feliciana Sheriff's Dep't*, 229 F.3d 388, 395 (5th Cir. 2000). To succeed on a deliberate-indifference claim, plaintiffs must show that (1) the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and (2) the official actually drew that inference. *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020). Deliberate indifference is an extremely high standard to meet." *Id*. Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response. *Id.* at 381. Deliberate indifference requires egregious conduct. *Cope v. Cogdill*, 3 F.4th 198, 207 (5th Cir. 2021). However, a deliberate indifference standard is only appropriate "when actual deliberation is practical." *Lewis,* 523 U.S. at 851; see *Whitley v. Albers,* 475 U.S. 312, 320 (1986). And the decision whether to provide additional treatment is a classic example of a matter for medical judgment, which fails to give rise to a deliberate-indifference claim. *Dyer*, 964 F.3d at 381.

26. Plaintiffs simply have plead no claims against Houston for any alleged failure to render medical assistance and have specifically failed to plead any alleged violation of the Fourteenth Amendment as it relates to Houston.

## SUMMARY OF THE ARGUMENT

27. Plaintiffs allege violation of the Fourth Amendment, under 42 U.S.C. § 1983 for failure to train and supervise against Houston, but their complaint lacks any supporting facts establishing same. Plaintiffs fail to state a claim for municipal liability based on any official written policy, widespread custom, or practice attributable to a final City policymaker. Plaintiffs' complaint fails to identify any policy as a basis for *Monell* liability. Plaintiffs fail to identify any other incident(s) that could be argued as forming a widespread custom or practice of these types of violations. Plaintiffs' allegations of a failure to properly train or supervise, as well as Plaintiffs' claim of training on wrongful policies by HPD are legally insufficient on their face since Plaintiffs did not plead or identify any specific policy concerning failure to train, supervise, and/or retain. Plaintiffs site a single incident, the subject incident, only as the sole basis for their claims against Houston. Without a sufficient pattern of similar instances with direct causal connections, there can be no policy, widespread custom or practice subjecting Houston to liability, and dismissal is required.

28. Plaintiffs allege Houston is liable for state claims but fail to plead waiver of Houston's immunity under the TTCA, and Houston cannot be liable under state law for intentional torts, such as the alleged subject incident. Plaintiffs' allegations of punitive or exemplary damages are not recoverable against Houston, the Estate of Jermaine K. Sonnier lacks standing to assert a survival action in this case and finally Plaintiffs have no basis in law or fact for their failure-to-render-medical-assistance claims against Houston.

**CONCLUSION AND PRAYER**

29. Plaintiffs' amended complaint should be dismissed for lack of capacity, failure to state a claim upon which relief can be granted against Houston, and as barred by Houston's governmental immunity under state law. Further opportunities to amend would be futile. Defendant, City of Houston, respectfully prays that the Honorable Court grant this motion

and dismiss all Plaintiffs' claims with prejudice and grant all other relief to which it may be entitled.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

By: */s/ Kelly A. Dempsey*
Kelly A. Dempsey
Section Chief, Torts/Civil Rights
Attorney in Charge
SBN: 00789253
FBN: 17969
Tel. (832) 393-6450
kelly.dempsey@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-0368
**ATTORNEYS FOR DEFENDANT CITY OF HOUSTON**

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July 2023, a true and correct copy of the foregoing document, and any attachments, were delivered to all opposing counsel(s) by electronic filing of same in accordance with the District's ECF service rules, and alternatively via e-mail and/or facsimile transmission, or certified mail, return-receipt requested, to:

| | |
|---|---|
| Daryl K. Washington | Debra V. Jennings |
| WASHINGTON LAW FIRM, PC | Law Office of Debra Jennings |
| 325 N. St. Paul St., Suite 3950 | 6140 Hwy. 6, Suite 269 |
| Dallas, TX 75201 | Missouri City, TX 77459 |

*/s/ Kelly A. Dempsey*
Kelly A. Dempsey